DORE, Judge.
This is a suit by a contractor, plaintiff herein, for the alleged balance due him for work performed under contract on the home of Mrs. Ann Shade Grosch, wife of John J. Grosch, located in the City of Mandcville, Louisiana. According to the evidenqe, the total work contracted for amounted to the sum of $4341.72, on which a cash payment of $1500 was made by defendant John J. Grosch, leaving a balance of $2841.72. On this balance of $2841.72, plaintiff has allowed $21 credit for 150 square feet of aluminum screen wire at 14 cents per square foot, as shown by statement of August 1, 1947, marked Exhibit P-1 in the record, which then leaves the amount of $2820.72 as the balance claimed as of August 1, 1947. On this balance it is admitted by plaintiff that on his authority the defendants paid to independent contractors the total sum of $1632.28, to-wit, $429.30 to B. Commenge for all roofing and gutter work on the house, the sum of $559.78 to Fontan Becker Specialties for cabinets, sinks and materials, and $643.20 to Guy A. Smith for all necessary plumbing, leaving ■ a ngt balance claimed of $1189.64. The suit is against Mrs. Ann Shade Grosch and her husband, John J. Grosch, and the amount claimed is $1419.-28, but clearly should be $1189.64 as contended by the defendants.
*232 The defense is to the effect that certain work contracted for by plaintiff was not done at all, and that other work was done improperly, and to the damage of the defendants in excess of the amount claimed by plaintiff. In their answer, they pray that plaintiff’s claim be disallowed in its entirety, and that the defendants have a reservation in the judgment to proceed against plaintiff for the overpayment and for damages.
After hearing the case, the trial court, for written reasons assigned, rendered judgment in favor of defendants and against the plaintiff, rejecting plaintiff’s demand at his cost. The plaintiff has appealed, again asking for an award in the amount pr-ayed for of $1419.28 with interest and cost. The defendants have answered the appeal asking that the judgment be amended so as to award to them an additional credit of $108 resulting from defective plumbing work and so as to reserve to defendants the right to proceed against plaintiff for damages and for whatever overpayments that may have been made by them as prayed for iñ their answer in the district court, and as thus amended, that the judgment be affirmed.
This case involves strictly questions of fact, which are very ably discussed in the reasons for judgment of the lower court. It is our conclusion that the real amount in dispute is the sum of $1189.64, to which possibly ten per cent additional could be added, but we believe that plaintiff is bound by his estimate of August 1, 1947, and that theiefore, the true amount in dispute is $1189.64, as contended by defendants. The amounts claimed by defendants as an offset because of failure of performance are:
(a) $279 by painting performed by E. L. Cooper and paid for by defendants to Cooper and yet included in plaintiff’s claim; (b) Additional expense of $40 paid by defendants to Mr. Pettigrew for completing steps admittedly built in rough by plaintiff; (c) Expense of defendants of plumbing to remedy emergency conditions, $108; (d) Deduction of claim by plaintiff for removing varnish, which work was not performed by him, $168; making a claim in the total sum of $595 for work not performed and contemplated by the contract. All these items were sufficiently proved and allowed by the trial court except Item (c) with reference to plumbing, in the sum of $108. We believe that this plumbing item was properly disallowed for the reason that the contract price for the plumbing work was supposed to have been $750, and for the additional reason that the plumbing work was paid to a sub-contractor in the sum of $643.20. The items properly allowed by the trial court aggregate the sum of $487.00, and by subtracting that from the amount claimed of $1189.44, we find a balance due of $702.44. The defense to this item is whether or not the evidence shows sufficient defective work to at least offset that amount as found by the trial judge.
On that question, the evidence consists of the testimony of Mr. Robert L. Lobdell, a reputable architect and contractor of wide experience, and Mr. Robert Lowe, a reputable contractor of many years’ experience, their testimony is based up on a personal and apparently a careful inspection of the house in question and their testimony was apparently accepted by the trial court. The plaintiff had every opportunity to contradict their testimony by his own testimony and that of contractors who were acquainted with the house, but did not do so. According to the testimony of these two men, the varnish in the house was not removed as contracted for, and that item is included in Item (d) of the non-performance of plaintiff as alleged by defendants. In addition thereto, these two witnesses estimated that due to defective work, the sum of $1086.52 would be required to be expended by the defendants in order to place their home in the condition contemplated by the contract with the plaintiff. In connection with their testimony, they use a statement made by them at the time of their inspection and this statement is contained in the record, although it was not admitted in evidence, and motion for this deletion and striking out of this statement has been made before us by the plaintiff. It is not necessary to consider the statement in arriving at a conclusion as to the defendants’ claim of damage and we can readily do *233 so from the testimony of Mr. Lobdell and Mr. Lowe with reference to their inspection of the premises. It is true, as contended by counsel for plaintiff, that the estimate of the defective work to be corrected made by these witnesses is, after all, merely the opinion of Mr. Lobdell and/or Mr. Lowe. Mr. Lobdell frankly admits in his testimony that said estimate could be somewhat inaccurate, hut that he used his best judgment in arriving at it. It must be noted, also, that there is no contradiction on the part of plaintiff as to the estimate, as well as to the alleged defects found by these witnesses. He even admits that the Morlite boards supposed to have been placed in the kitchen, were not placed therein, and the testimony of witness Lowe is to the effect that this small item would have cost $73.24. The other items testified to by Lobdell and Lowe consist of:
(a) Bracing, removal and replacement of finished roofing and other repairs on roofing, including rafters and materials and labor, $193.
(b) Repair of upstairs shower bath improperly constructed and improperly placed, and repair of damages caused by leaky condition and being placed in the wrong position; a total of $387, as explained in detail by the witnesses.
(c) Witnesses testify that due to the fact that the kitchen and glazed porch floors were out of line 1%", a total damage was done necessitating an expenditure of approximately $168.
(d) That as a result of the improper placing of the kitchen and porch floors, the linoleum could not be placed properly and the life thereof was thereby reduced by approximately one-third of the cost of $120, being a damage of $40.
(e) That the casement windows in the kitchen were improperly constructed due to defective sills and that to correct this condition would entail an expense for labor and materials of $67.50.
(f) That the open wall behind the stove received no finish and would require for that purpose, an expenditure of $8.
All of these items, amounting to the sum of $936.74, are explained in detail by the witnesses and the sum thereof seem to be reasonable. Like the trial judge, we are of the opinion that the only benefit of doubt which we can give to plaintiff is that these items of damages do not exceed the amount claimed by plaintiff. In any event, we feel that substantial justice was done by the trial judgment in balancing the amount allegedly due plaintiff and the amount of offset claimed by defendant. We find no manifest error in his judgment, which is based almost entirely on questions of fact and which is not based on any certain definite figures.
For these reasons, the judgment appealed from is affirmed.